■ LENA CARELLA, Appellant, v FRANK J. CARELLA, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme

Court, Queens County (Miller, J.), dated May 23, 1984, as (1) denied that branch of her motion which was to enter two money judgments against the defendant husband in the amounts of $1,789.97 and $1,415.78, together with accumulated interest thereon, representing accrued realty taxes, assessments and water charges on the former marital residence which defendant was required to pay pursuant to a prior order of the same court, dated August 1, 1983, (2) failed to grant that branch of her motion which was for an order directing the payment of outstanding money judgments against defendant for *pendente lite* maintenance, counsel and appraisers' fees and other costs and disbursements, out of the "monies, accounts and other funds of PRESTO AUTO SALVAGE, INC., a corporation owned solely and exclusively by the defendant", (3), upon enjoining defendant from "transferring, encumbering or otherwise disposing of any assets acquired during the marriage in which he has an interest", permitted an exception to such injunction where "necessary in the ordinary course of business or personal affairs", (4) denied that branch of her motion which was to restrain the National Bank of New York City from transferring, assigning, etc. any funds held on deposit for either defendant or Presto Auto Salvage, Inc., until such time as all money judgments against defendant have been satisfied and (5) awarded her only $500 in counsel fees for the making of said motion.

Order affirmed, insofar as appealed from, without costs or disbursements.

The principal relief sought by the plaintiff wife on the instant appeal is an order directing the payment of the outstanding money judgments entered against defendant for arrears in *pendente lite* maintenance, counsel and appraisers' fees, and other costs and disbursements, from the funds on deposit in bank accounts maintained in the name of Presto Auto Salvage, Inc., defendant's wholly owned corporation. Although we strongly condemn defendant's cavalier defiance of these judgments, as well as his defiance of the order of this court directing him to pay additional appraisers' fees (see *Carella v Carella,* 97 AD2d 394), we cannot grant plaintiff the relief she seeks in the current procedural posture of this action. The courts lack personal jurisdiction over the corporation from whose assets plaintiff seeks to satisfy the outstanding money judgments docketed against her husband. She has failed to commence an enforcement proceeding pursuant to CPLR article 52 against that entity, by effecting proper service of process pursuant to CPLR 311 (subd 1). We affirm the order appealed from without prejudice to the commencement of such an enforcement proceeding,

upon proper papers, against the defendant and his wholly owned corporation, or to a motion in this matrimonial action to hold defendant in contempt of court (see Domestic Relations Law, §§ 244, 245). Upon proper service of papers on defendant's corporation, plaintiff may also seek an order holding that entity in contempt of court for failing to abide by the wage assignment order pursuant to section 49-b of the Personal Property Law, as well as an order directing that the money on deposit in the corporate bank accounts be used to satisfy the outstanding money judgments docketed against defendant to the extent that she can demonstrate that he has used these accounts to conduct his own personal business (see *Port Chester Elec. Constr. Corp. v Atlas*, 40 NY2d 652, 656-657; *Walkovszky v Carlton,* 18 NY2d 414, 418-419).

The language in the portion of the order of Special Term restraining defendant from "transferring, encumbering or otherwise disposing of any assets acquired during the marriage in which he has an interest * * * except as necessary in the ordinary course of business or personal affairs" is entirely proper and we see no reason to disturb it. Plaintiff is not entitled to a money judgment against defendant for accrued realty taxes, assessments and water charges on the former marital residence, which he was directed to pay pursuant to an order of the Supreme Court, Queens County, dated August 1, 1983, unless she furnishes proof that she has paid those items and, thus, that defendant is indebted to her for a certain amount of money. Special Term denied that branch of plaintiff's motion "without prejudice". She may therefore renew her application for such a money judgment upon proper papers or seek to have defendant held in contempt for willful failure to obey the order dated August 1, 1983 (Domestic Relations Law, § 245).

Lastly, plaintiff has failed to establish that the counsel fee of $500 awarded by Special Term for the services rendered in making the motion resulting in the order appealed from was inadequate. Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.