■ In the Matter of BARBARA E. BRESNAN, Appellant, v JOHN J. BRESNAN, Respondent.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered March 19, 1985 in Ulster County, which denied petitioner's motion to vacate an order of the Family Court of Ulster County awarding custody of the parties' minor children to respondent.

When the parties were divorced in May 1981, petitioner was awarded custody of their two children pursuant to an October 1979 separation agreement they had entered into. During the summer of 1981, respondent moved before the Family Court of Ulster County for an order transferring custody of the children to him. In August 1983, due to petitioner's failure to appear at the hearing on this matter, Family Court awarded respondent custody of the children, terminated an existing order of support and ordered arrears owed by respondent to be held for payment to petitioner.

In May 1984, petitioner moved to vacate Family Court's order, contending that she had an excusable default and a meritorious cause of action. The motion was made returnable before a Supreme Court Justice who was then entertaining petitioner's related habeas corpus proceeding in Ulster County. It is uncontested that the Family Court Judge who issued the order was ill and the other Family Court Judge recused herself from the matter. Respondent challenged Supreme Court's authority to hear the motion to vacate, claiming that it should only be heard by the court which rendered the order. Special Term denied petitioner's motion.

In addition to claiming that she has a meritorious defense and an excusable default, petitioner contends on this appeal that Family Court's order should be vacated since it terminated child support arrearages due and owing to her and that respondent now uses the order as a defense against present efforts to collect same. Initially, it is to be noted that although CPLR 5015 (a) states that relief from an order may only be sought from the court which rendered it, in the present case this was not possible. Since Supreme Court has concurrent jurisdiction with Family Court, it could properly entertain the motion under the circumstances of this case *(see, Kagen v Kagen,* 21 NY2d 532, 537; *see also,* NY Const, art VI, § 7). As for petitioner's contention that the Family Court order abrogated her right to arrearages, this is contradicted by the substance of said order. Since Special Term acted within its discretion, we see no reason to disturb its order denying petitioner's motion to vacate the Family Court order.

Order affirmed, with costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.