■ ANN MELNICK, Respondent, v STEVEN MELNICK, Appellant. [621 NYS2d 64] —Order, Supreme Court, New York County (Myriam Altman, J.), entered December 3, 1993, which, *inter alia,* directed entry of a money judgment in plaintiff's favor in the amount of $250,833.35 for spousal support payments owed to her by defendant pursuant to the parties' Amended Judgment of Divorce, and which directed defendant to pay plaintiff's counsel fees in the amount of $3,230, unanimously affirmed, with costs.

We reject defendant-husband's claim that he should not be bound by the default provision of the parties' negotiated stipulation agreement whereby he agreed that, if he defaulted on his maintenance obligations, then all future-scheduled maintenance payments would become immediately due to plaintiff-wife. We find nothing unconscionable about this provision under the circumstances present here: the defendant is a sophisticated, successful businessman, with a history of non-payment in this protracted (nearly 15 years to date) divorce litigation, who was represented by capable counsel in negotiating this clause and who knowingly consented thereto merely 8 months before he first defaulted. We also agree with the IAS Court that a specific hearing on the issue of defendant's allegedly changed financial situation was not warranted on the evidence presented *(cf., Busetti v Busetti,* 108 AD2d 769). We have considered defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.