■ STEPHEN BORIS, Appellant, v JANE BORIS, Respondent. [707 NYS2d 898] —In a matrimonial action in which the parties were divorced by judgment entered April 21, 1998, the plaintiff former husband appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered February 9, 1999, as granted the motion of the defendant former wife for leave to enter a money judgment in the sum of $8,382.13.

Ordered that the order is modified, by deleting therefrom the sum of $8,382.13, and substituting therefor the sum of $4,359.63; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The judgment of divorce provided that the plaintiff would be responsible for the cost of recording the deed which transferred his interest in the marital residence to the defendant. Because the deed could not be recorded without paying the real property transfer tax (see, Tax Law § 1410 [b]), the plaintiff is liable to the defendant for an additional $506 for that tax.

The Supreme Court properly determined that the parties agreed that the plaintiff was also responsible for water charges and certain oil charges for services incurred prior to a stipu-

lated date. As a result, because the defendant adequately demonstrated that she was billed, and that she paid, a $645.15 water bill and a $3,208.48 oil bill, she is entitled to a money judgment for those expenses (*see, Carella v Carella,* 106 AD2d 601). However, as the defendant presented no evidence that she received, or that she paid, additional water and fuel bills, she presented insufficient evidence to establish her entitlement to a money judgment upon the other amounts allegedly billed (*see, Carella v Carella, supra*). Accordingly, the defendant was only entitled to a money judgment in the sum of $4,359.63. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.