■ CARLA C. CRAFT, Respondent, v JOHN C. CRAFT, Appellant. [722 NYS2d 403] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Blydenburgh, J.), dated November 24, 1999, which adjudicated him in willful contempt of prior orders of the same court concerning, *inter alia,* the payment of child support, medical expenses, and college expenses to the plaintiff, and directed that he be incarcerated for a period of 180 days unless he purged himself of contempt by the payment of the sum of $116,917.91 and posted security in the amount of $250,000, adjudicated him in criminal contempt of the court's

prior temporary restraining order and directed his incarceration for an additional period of 90 days, and appointed a receiver and directed sequestration of his assets for the purpose of securing future support.

Ordered that the order is modified by (1) deleting the provision thereof allowing him to purge himself of his contempt by paying the sum of $116,917.91, and substituting therefor a provision allowing him to purge himself of his contempt by paying the sum of $81,019.34, and (2) deleting the provision thereof directing his incarceration for an additional period of 90 days imprisonment for his willful violation of the court's prior temporary restraining order, and substituting therefor a provision directing his incarceration for an additional 30 days imprisonment; as so modified, the order is affirmed, with costs to the plaintiff.

The record supports the Supreme Court's determination that the defendant willfully failed to pay child support. Therefore, the Supreme Court properly adjudicated him to be in contempt of the order of support (see, Domestic Relations Law § 245). Further, because the defendant was adjudicated in contempt pursuant to Domestic Relations Law § 245, the direction that the defendant be incarcerated was appropriate (see, Gunn v Gunn, 261 AD2d 360, 361; Higbee v Higbee, 260 AD2d 603; Matter of Aron v Aron, 140 AD2d 697, 698).

However, although the Supreme Court properly adjudicated the defendant in criminal contempt for his willful violation of its temporary restraining order (see, Judiciary Law § 750 [A] [3]), the Supreme Court erroneously directed his incarceration for an additional 90 days. The maximum term of imprisonment for criminal contempt is 30 days (see, Judiciary Law § 751 [1]). Since the defendant has already been incarcerated for more than 30 days, no additional incarceration is warranted with respect to this criminal contempt adjudication.

The Supreme Court further erred in calculating the defendant's arrears, and the amount the defendant must pay to purge his contempt is $81,019.34.

The Supreme Court properly appointed a receiver and directed the sequestration of the defendant's assets to secure future payment of child support (see, Domestic Relations Law § 243; Berger-Carniol v Carniol, 273 AD2d 427). S. Miller, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.