■ INCORPORATED VILLAGE OF ROCKVILLE CENTRE, Respondent, v SPIEGEL, PETER & LIU, ARCHITECTS, P.C., et al., Appellants, et al., Defendant. [744 NYS2d 460] —In an action to recover damages for professional malpractice, the defendants Spiegel, Peter & Liu, Architects, P.C., Baldur Peter, and Pei Dau Liu appeal from an order of the Supreme Court, Nassau County (O'Connell, J.), entered June 21, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment on their counterclaims, and granted the plaintiff's cross motion for partial summary judgment and to preclude the testimony of their expert at trial.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the cross motion which was to preclude the appellants' expert from testifying, and substituting a provision therefor granting that branch of the motion which was to preclude unless the appellants' counsel pays to the plaintiff's counsel an appropriate sanction to be determined by the Supreme Court, Nassau County, (2) deleting the provisions granting those branches of the cross motion which were to dismiss the appellants' second, third, fourth, and sixth counterclaims, and substituting therefor provisions denying those branches of the cross motion, and (3) deleting the provision thereof granting that branch of the cross motion which was for partial summary judgment for costs associated with modifying the steps and handrails to the south entrance of the building at issue to make them compliant with the New York State Uniform Fire Prevention and Building Code, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

Spiegel, Peter & Liu, Architects, P.C., Baldur Peter, and Pei Dau Liu (hereinafter the Spiegel defendants), contracted with

the plaintiff Incorporated Village of Rockville Centre to provide architectural design services for a renovation project of the John Anderson Recreation Center. Rockville Centre contracted with NRI Construction, Inc., to complete the construction. Rockville Centre terminated its contract with the Spiegel defendants when they failed to approve the structural steel installed by NRI as part of the renovation.

Rockville Centre commenced this action, inter alia, to recover damages for architectural malpractice and sought costs for modifications to the project that were allegedly necessary to make the building compliant with the New York State Uniform Fire Prevention and Building Code. The Spiegel defendants counterclaimed for additional costs not covered in the original contract that were allegedly encountered as a result of modifications to the project and as a result of Rockville Centre's failure to enforce its agreement with NRI.

With regard to the Spiegel defendants' second, third, fourth, and sixth, counterclaims for additional costs, Rockville Centre established that any additional costs were not negotiated as required by the contract between the parties, and were not approved by the village board as required by Village Law § 5-520, thus entitling it to summary judgment. In response, the Spiegel defendants have raised triable issues of fact that those costs were approved by the village board and that Rockville Centre had agreed to reimburse the Spiegel defendants for additional costs pursuant to the contract. Additionally, the Spiegel defendants raised a triable issue of fact that they relied on Rockville Centre's representations in incurring additional costs and that Rockville Centre wrongfully terminated the contract for failing to approve the structural steel, thus entitling them to additional costs in quantum meruit (see *Nassau County v Incorporated Vil. of Roslyn,* 218 AD2d 688; *Vrooman v Village of Middleville,* 91 AD2d 833).

While there is no dispute that the Spiegel defendants failed to comply with a pretrial conference order requiring expert disclosure by June 30, 2000, given the drastic remedy of preclusion and the lack of any indication that Rockville Centre was prejudiced by the untimely disclosure, the Spiegel defendants should be given a final opportunity to comply with disclosure on condition that the attorney for the Spiegel defendants pay to the plaintiff's counsel an appropriate sanction to be determined by the Supreme Court (see *Herrera v Persaud,* 276 AD2d 304).

Although the Supreme Court found that the Spiegel defendants failed to contest the allegations that the steps and

handrails at the new south entrance to the Center failed to comply with the New York State Uniform Fire Prevention and Building Code, the record indicates that the Spiegel defendants contested this issue, maintaining that the entrance was at grade level and thus did not require steps or handrails. Given the paucity of evidence on this point, the plaintiff's cross motion for partial summary judgment was improperly granted to the extent indicated.

The remaining contentions of the Spiegel defendants are without merit. Feuerstein, J.P., O'Brien, Adams and Cozier, JJ., concur.