■ In the Matter of VIVIAN LERNER, Respondent, v DAVID H. RELKIN, Appellant. [813 NYS2d 726]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Rockland County (Warren, J.), dated March 1, 2005, which, in effect, denied his objections to an order of the same court (Miklitsch, S.M.), dated April 8, 2004, which, after a hearing, inter alia, determined that he was in willful violation of his support obligations, established arrears in the sum of $50,760.06, and awarded the mother a money judgment in that amount.

Ordered that the order dated March 1, 2005 is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order dated April 8, 2004 as established arrears in the sum of $50,760.06 and awarded the mother a money judgment in that amount, and substituting therefor a provision sustaining that objection; as so modified, the order dated March 1, 2005 is affirmed, without costs or disbursements, the order dated April 8, 2004 is modified accordingly, and the matter is remitted to the Family Court, Rockland County, for a hearing to determine the amount of arrears due and owing by the father.

The mother commenced this proceeding alleging that the father willfully violated his court ordered support obligations by failing to pay his share of the children's educational, camp, and unreimbursed medical expenses. After the Support Magistrate ordered the parties to provide various financial documents to the court and to each other, and the father failed to do so, the Support Magistrate granted the mother's application to preclude him from offering evidence as to any payments he made prior to August 30, 2003. In an order dated April 8, 2004 the Support Magistrate found the father in willful violation of his support obligations, established arrears in the sum of $50,760.06, awarded the mother a money judgment in that amount, and

awarded her counsel fees. The Family Court confirmed the determination and noted that although it appeared the father actually paid approximately 80 percent of the arrears the Support Magistrate found due and owing, or nearly $34,000, because he had numerous opportunities to present supporting evidence but failed to do so, the findings were justified.

Contrary to the mother's assertion, the father's contentions are properly raised on appeal. Under the circumstances, upon reviewing the hearing transcripts and the parties' submissions, the Family Court providently exercised its discretion by, in effect, addressing the father's timely specific written objections (*see* Family Ct Act § 439 [e]).

At a support violation hearing, the petitioner has the initial burden of presenting prima facie evidence of nonpayment of child support (*see Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Matter of Armstrong v Belrose,* 9 AD3d 625, 626 [2004]). A respondent is prima facie presumed to have sufficient means to support his or her spouse and children (*see* Family Ct Act § 437; *Matter of Powers v Powers, supra* at 68-69) and failure to pay as ordered constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; *see Matter of Watson v Watson,* 21 AD3d 497 [2005]). However, when support obligations are to a third party, a money judgment may not be awarded absent a showing that the party seeking the judgment actually paid the sums (*see Boris v Boris,* 272 AD2d 284, 285 [2000]; *Carella v Carella,* 106 AD2d 601, 603 [1984]).

Here, because the father admitted that he did not timely pay his support obligations and he failed to sufficiently demonstrate an inability to pay, there is no basis upon which to disturb the finding of willfulness or the award of counsel fees (*see* Family Ct Act § 438 [b]; § 455 [5]; *Matter of Watson v Watson, supra* at 498). However, the mother was not entitled to a money judgment unless she furnished proof that she paid the outstanding sums, thus demonstrating that the father was indebted to her (*see Carella v Carella, supra; Boris v Boris, supra*). Moreover, as the mother admitted at the hearing and the Family Court noted repeatedly, it appears the father actually paid, albeit late, a significant portion of the alleged arrears. Although the father failed to comply with a disclosure order, given the drastic remedy of preclusion, the lack of prejudice to the mother, or evidence of bad faith in connection with the disclosure order, and the significant prejudice to the father, he should have been given the opportunity to present evidence as it pertained to his actual payments of the alleged arrears (*see Incorporated Vil. of Rockville Ctr. v Spiegel, Peter & Liu, Architects,* 295 AD2d 479, 480 [2002]).

Accordingly, we remit the matter to the Family Court, Rockland County, for a hearing to determine, with the benefit of all admissible evidence, the amount of arrears due and owing. Furthermore, with respect to the unreimbursed medical expenses, the court should only consider those expenses specifically allowed in the parties' separation agreement, incorporated into their judgment of divorce. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.