■ In the Matter of MARISA URIARTE, Respondent, v DOMINICK IPPOLITO III, Appellant. [862 NYS2d 593]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (Didomenico, J.), dated June 13, 2007, which denied his objections to an order of the same court (Weir-Reeves, S.M.) dated April 16, 2007, which, after a hearing, found that he was in willful violation of a prior order of support, and directed him to pay unreimbursed medical and dental expenses in the sum of $950.10.

Ordered that the order dated June 13, 2007 is affirmed, without costs or disbursements.

The mother met her initial burden of presenting prima facie evidence of the father's nonpayment of his child support obligation, which required him to pay his pro rata share of unreimbursed medical and dental expenses (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Lerner v Relkin*, 27 AD3d 745, 746 [2005]). The mother met her burden through the submission of medical bills and her sworn testimony at the fact-finding hearing. The Support Magistrate properly included in the calculation of such expenses only those sums for which the mother submitted proof of actual payment to the third-party medical providers (*see Boris v Boris*, 272 AD2d 284, 285 [2000]; *Carella v Carella*, 106 AD2d 601, 603 [1984]).

The father proffered no proof of having reimbursed the mother for any of the medical or dental expenses for which she sought reimbursement pursuant to the instant petition. His failure to pay as ordered constituted "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; *see Matter of Watson v Watson*, 21 AD3d 497, 498 [2005]).

In the absence of any evidence such as a prior agreement between the parties or a court order requiring that the mother bring the parties' child to in-plan medical providers only, the

mother was under no obligation to do so (*see generally Hanfling v Hanfling*, 23 AD3d 433, 434 [2005]; *Cohen-Davidson v Davidson*, 291 AD2d 474, 475-476 [2002]).

The Family Court properly rejected, as proof of payment, copies of checks and receipts pertaining to child support payments made by the father in 2004 which did not comprise any payments pertaining to the reimbursement of medical and dental expenses.

The father's remaining contentions are without merit. Mastro, J.P., Dillon, Eng and Belen, JJ., concur.