■ In the Matter of TRACY McNAIR, Respondent, v DANIEL J. FENYN, Appellant. [954 NYS2d 197]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Klein, J.), entered October 25, 2011, which denied his objections to an order of the same court (Furman, S.M.) entered May 5, 2011, which, after a hearing, fixed the father's child support arrears in the sum of $34,011.47 and directed that he make payments toward support arrears in six bimonthly sums of $5,668.57.

Ordered that the order entered October 25, 2011, is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying the father's objection to so much of the order entered May 5, 2011, as fixed his child support arrears at $34,011.47, and substituting therefor a provision granting that objection to the extent of vacating the provision of the order entered May 5, 2011, fixing the child support arrears at $34,011.47, and thereupon, fixing the child support arrears at $27,881.70, and (2) by deleting the provision thereof denying the father's objection to so much of the order entered May 5, 2011, as directed him to make payments toward support arrears in six bimonthly sums of $5,668.57, and substituting therefor provisions granting that objection, vacating the provision of the order entered May 5, 2011, directing him to make payments toward support arrears in six bimonthly sums of $5,668.57, and directing him to make monthly payments of $774.49 until the child support arrears of $27,881.70 are fully paid; as so modified, the order entered October 25, 2011, is affirmed, without costs or disbursements.

The father's child support obligation required him to pay his pro rata share of tuition and unreimbursed medical, optical, and dental expenses. When child support obligations require payments to a third party, such as a medical provider, the party seeking reimbursement must show that he or she actually paid the sums for which reimbursement is sought (see Matter of Uriarte v Ippolito, 54 AD3d 379 [2008]; Matter of Lerner v Relkin, 27 AD3d 745, 746 [2005]). The Family Court should

have included in the calculation of tuition and unreimbursed medical, optical, and dental expenses only those sums for which the mother submitted proof of actual payment to the third-party provider. Thus, the father's child support arrears must be reduced to the sum of $27,881.70. In light of the circumstances of this case, the Family Court improvidently exercised its discretion in directing the father to satisfy his substantial child support arrears in only six bimonthly payments. Therefore, in the exercise of our discretion, we direct the father to make monthly payments of $774.49 until the child support arrears of $27,881.70 are fully paid.

The father's remaining contentions are without merit. Eng, P.J., Dillon, Lott and Cohen, JJ., concur.