■ LESLIE S. DIAZ, Respondent, v JOHN R. DIAZ, Appellant. [10 NYS3d 314]—

Appeal from a judgment of the Supreme Court, Suffolk County (John B. Collins, J.), dated September 10, 2013. The judgment, insofar as appealed from, awarded the plaintiff $2,303 per month in child support and $500 per month in maintenance for four years, adjudicated the defendant in contempt upon a finding that he violated a pendente lite order dated June 3, 2010, and directed that the defendant be incarcerated for a period of 90 days unless he purged himself of his contempt by paying the sum of $38,964.55.

Ordered that the judgment is modified, on the law and the facts, by deleting from the purge provision thereof the sum of $38,964.55, and substituting therefor the sum of $29,332.05; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were divorced by judgment dated September 10, 2013. Contrary to the defendant's contention, in calculating child support, the Supreme Court did not err in imputing $110,000 in annual income to the defendant based on his past income and demonstrated earning potential as a mortgage consultant. The court was not required to rely on the defendant's account of his finances (see Matter of Bustamante v Donawa, 119 AD3d 559 [2014]; Siskind v Siskind, 89 AD3d 832, 833 [2011]; Matter of Macari v Marichal, 83 AD3d 942 [2011]).

The Supreme Court properly considered the relevant factors in determining the amount and duration of maintenance, including the duration of the marriage, the present and future earning capacity of the parties, the plaintiff's lost earning capacity and her ability to be self-supporting, and the presence of the children in her home (see Domestic Relations Law § 236 [B] [6] [a]; Hainsworth v Hainsworth, 118 AD3d 747, 748 [2014]; Clark v Clark, 117 AD3d 668, 669 [2014]; Gordon v Gordon, 113 AD3d 654, 655 [2014]). Under the circumstances of this case, the Supreme Court properly limited the duration of the defendant's maintenance obligation to four years, a period no longer than necessary to provide the plaintiff with enough time to become self-supporting (see Naik v Naik, 125 AD3d 734 [2015]; Palestra v Palestra, 300 AD2d 288 [2002]).

The Supreme Court did not err in adjudicating the defendant in contempt based upon its determination that he violated a pendente lite order dated June 3, 2010. The defendant admitted that he failed to pay certain expenses specified in the

pendente lite order, and the plaintiff demonstrated through the submission of bills and her sworn testimony that she had paid those expenses (*see Matter of Palmer v Palmer*, 71 AD3d 1152 [2010]; *Matter of Uriarte v Ippolito*, 54 AD3d 379 [2008]). However, the court erred in calculating the amount of the defendant's arrears with respect to the pendente lite order and the amount the defendant must pay to purge his contempt (*see Craft v Craft*, 282 AD2d 422, 423 [2001]). Accordingly, we reduce the purge amount to the extent indicated (*see generally Matter of Victorio v McBratney*, 32 AD3d 962, 963 [2006]; *Craft v Craft*, 282 AD2d at 423). Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.