LESLIE MILLER FITZPATRICK, Appellant, v BRIAN FITZPATRICK, Respondent. [33 NYS3d 338]—

Appeal from an order of the Supreme Court, Westchester County (Francis A. Nicolai, J.), entered January 29, 2014. The order, insofar as appealed from, after a hearing (Duffy, J.), in effect, denied that branch of the plaintiff's motion which was to enforce certain child support provisions of the parties' separation agreement dated April 20, 2012, and, in effect, denied that branch of her separate motion which was for a money judgment against the defendant in the principal sum of $6,200, representing arrears allegedly owed by the defendant referable to summer camp expenses for the parties' unemancipated children.

Ordered that the order is affirmed insofar as appealed from, with costs.

A separation agreement that is not merged into a judgment of divorce is a contract subject to principles of contract interpretation (*see Matter of Meccico v Meccico*, 76 NY2d 822, 823-824 [1990]; *Shanon v Patterson*, 38 AD3d 519 [2007]).

"[P]arties to an agreement may provide for the payment of liquidated damages upon its breach, and such damages will be upheld if (1) the amount fixed is a reasonable measure of the probable actual loss in the event of breach, and (2) the actual loss suffered is difficult to determine precisely. However, if the liquidated damages do not bear a reasonable proportion to the loss actually sustained by a breach, they will constitute an unenforceable penalty" (*Willner v Willner*, 145 AD2d 236, 239-240 [1989] [citations omitted]; *see Zervakis v Kyreakedes*, 257 AD2d 619, 620 [1999]).

Here, the parties entered into a separation agreement dated April 20, 2012, which was incorporated but not merged into the judgment of divorce. In relevant part, the agreement provided that, in consideration of the defendant's agreement to pay 100% of the costs associated with maintaining the marital residence (in which the plaintiff and the parties' four children continued to reside), the defendant would pay $1,500 per month in child support until the date of the sale of the marital residence, and $5,076.29 per month thereafter. However, if at any time prior to the sale of the marital residence, the defendant was not in compliance with "all of the terms" of the agreement, then his child support obligation would be increased to $5,076.29 per month.

Contrary to the plaintiff's contention, the Supreme Court correctly determined that the subject provision, as drafted, constituted an unenforceable penalty clause (*see Zervakis v Kyreakedes*, 257 AD2d at 620; *Willner v Willner*, 145 AD2d at

241-243; *cf. Melnick v Melnick*, 211 AD2d 521 [1995]). Accordingly, the court properly, in effect, denied that branch of the plaintiff's motion which was to enforce the subject provision of the separation agreement.

With respect to the plaintiff's claim for arrears referable to summer camp expenses, the plaintiff offered insufficient evidence that such expenses were actually incurred. Accordingly, she was not entitled to a money judgment therefor (*see Boris v Boris*, 272 AD2d 284, 285 [2000]; *Carella v Carella*, 106 AD2d 601, 603 [1984]). Chambers, J.P., Dickerson, Hinds-Radix and LaSalle, JJ., concur.