■ In the Matter of Victor Schiero, Respondent, v Michelle Perrotta, Appellant. [32 NYS3d 656]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered September 19, 2015. The order denied the mother's objections to so much of an order of that court (Rachelle C. Kaufman, S.M.), entered July 6, 2015, as, after a hearing, dismissed that branch of her petition which alleged that the father violated an order of support directing him to pay his pro rata share of the children's unreimbursed medical expenses.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the mother's objections to so much of the order entered July 6, 2015, as dismissed that branch of her petition which alleged that the father violated an order of support directing him to pay his pro rata share of the

children's unreimbursed medical expenses are granted, and the matter is remitted to the Family Court, Rockland County, for a hearing on that branch of the mother's petition, and a new determination thereafter.

The parties are divorced and have two children. Pursuant to a Family Court order dated October 28, 2013, the father was directed to pay child support in the sum of $447 bi-weekly, as well as 50% of the children's child care expenses and unreimbursed medical expenses. In January 2015, the mother filed a violation petition alleging, inter alia, that the father had failed to pay his pro rata share of the children's unreimbursed medical expenses. At the ensuing hearing, the mother testified that she had incurred $980 in medical expenses for the children, and she attempted to offer into evidence copies of medical bills and proof of payment. The Support Magistrate, however, refused to admit the medical invoices into evidence on the ground that the medical invoices were hearsay, and were not admissible through the mother's testimony. In the findings of fact, the Support Magistrate concluded that the mother failed to demonstrate the amounts of each individual medical expense or when they were incurred and, therefore, dismissed that branch of her petition which sought reimbursement from the father for his pro rata share of the children's unreimbursed medical expenses. The mother filed objections, which were denied by the Family Court.

The Support Magistrate improperly precluded the mother from introducing evidence to support that branch of her petition which sought payment from the father for his pro rata share of the children's unreimbursed medical expenses. Contrary to the Support Magistrate's determination, the mother's testimony provided a sufficient foundation for the admission of the medical bills and her proof of payment of those bills, as she had personal knowledge of their contents. Consequently, the mother should have been permitted to meet her initial burden of presenting prima facie evidence of the father's nonpayment through the submission of the medical bills and her sworn testimony (see Matter of Rutuelo v Rutuelo, 98 AD3d 518, 518 [2012]; Matter of Palmer v Palmer, 71 AD3d 1152, 1152 [2010]; Matter of Uriarte v Ippolito, 54 AD3d 379, 379 [2008]).

As a result of the Support Magistrate's erroneous preclusion of evidence, the mother was not afforded the opportunity to meet her initial burden of presenting prima facie evidence as to the father's nonpayment of his pro rata share of the children's unreimbursed medical expenses. Accordingly, we grant

the mother's objections and remit the matter to the Family Court, Rockland County, for a hearing on that branch of the mother's petition which alleged that the father violated the prior order directing him to pay his pro rata share of the children's unreimbursed medical expenses, and a new determination of that branch of the petition thereafter. Leventhal, J.P., Miller, Duffy and Connolly, JJ., concur.