Matter of Barletta v Faden (2019 NY Slip Op 08998)





Matter of Barletta v Faden


2019 NY Slip Op 08998


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-05511
 (Docket No. F-12295-17/17A)

[*1]In the Matter of Barbara Anne Barletta, respondent,
v
Brad J. Faden, appellant.


Brad J. Faden, Boca Raton, Florida, appellant pro se.
Kommer Bave & Ollman LLP, New Rochelle, NY (Rachel F. Ciccone of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Arlene E. Katz, J.), entered April 10, 2018. The order denied the father's objections to (1) so much of an order of disposition of the same court (Carol Ann Jordan, S.M.) entered February 6, 2018, upon findings of fact also entered April 10, 2018, as, after a hearing, determined that he owed the sum of $187,505.27 in child support arrears and directed the entry of a money judgment, and (2) an order of the same court (Carol Ann Jordan, S.M.), also entered February 6, 2018, directing the entry of a money judgment.
ORDERED that the order entered April 10, 2018, is reversed, on the law, with costs, the father's objections are granted, so much of the order of disposition entered February 6, 2018, as determined that the father owed the sum of $187,505.27 in child support arrears and directed the entry of a money judgment, and the order entered February 6, 2018, directing the entry of a money judgment are vacated, the findings of fact are modified accordingly, and the matter is remitted to the Family Court, Westchester County, for a fact-finding hearing and a new determination of the amount of child support arrears owed by the father.
The parties were divorced in October 2004, and are the parents of three children. In September 2017, the mother commenced this proceeding pursuant to Family Court Act article 4 against the father, alleging that although the youngest child had been emancipated in May 2015, the father owed the mother arrears for basic child support and add-on expenses pursuant to a support order dated April 16, 2009. On January 18, 2018, the parties both appeared pro se before a Support Magistrate for a fact-finding hearing, the father appearing telephonically. The mother alleged that the father owed the sums of $48,983.65 in basic child support and $138,521.62 for add-on expenses. Although the mother referred to certain documents and receipts that ostensibly showed the amount she had paid for the add-on expenses, no documentary evidence was entered into evidence at the hearing. The father admitted that he had failed to pay child support, but disputed the amount the mother claimed he owed. Without any further testimony or the admission of any documentary evidence, the Support Magistrate determined that the father owed the sum of $187,505.27 in child support arrears. The Support Magistrate did not articulate the basis for her determination as to the amount of arrears owed. The Support Magistrate issued an order of disposition entered February 6, 2018, upon findings of fact, inter alia, determining that the father had non-willfully violated the prior [*2]child support order and that he owed the sum of $187,505.27 in child support arrears, and issued another order, also entered February 6, 2018, directing the entry of a money judgment. The father filed written objections, arguing that he should have been given an opportunity to challenge the mother's calculations. The Family Court denied the objections, and the father appeals.
At a support violation hearing, the petitioner has the initial burden of presenting prima facie evidence of nonpayment of child support (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Bianco v Bruce-Ross, 107 AD3d 886, 887; Matter of Paccione v Paccione, 57 AD3d 900, 902; Matter of Biancanello v Russano, 54 AD3d 853, 854). Here, the father's concession of failure to pay child support constituted prima facie evidence of a violation (see Matter of Aimee E.-H. v Alexander H., 118 AD3d 458, 459; Matter of Reinninger v Campbell, 47 AD3d 635, 635; Matter of Jarrett v Mosslih, 34 AD3d 808, 809). However, a party seeking reimbursement must show that he or she actually paid the sums for which reimbursement is sought (see Matter of McNair v Fenyn, 100 AD3d 903, 903; Matter of Uriante v Ippolito, 54 AD3d 379, 379; Matter of Lerner v Relkin, 27 AD3d 745, 746). Since the amount of child support arrears awarded included amounts that the mother claimed to have paid to third parties, and the father did not concede those amounts, the mother was not entitled to a money judgment in the absence of proof that she paid the subject sums, which would demonstrate that the father was indebted to her for those expenses (see Matter of Lerner v Relkin, 27 AD3d at 746; see also Matter of Michael R. v Amanda R., 175 AD3d 1134). Accordingly, the father's objections should have been granted, and we remit the matter to the Family Court, Westchester County, for a fact-finding hearing and a new determination as to the amount of child support arrears owed by the father (see Matter of Lerner v Lerner, 168 AD3d 736, 739; Matter of Brady v White, 158 AD3d 748, 752).
MASTRO, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court