Matter of Anthony L. v Bernadette R. (2021 NY Slip Op 02248)





Matter of Anthony L. v Bernadette R.


2021 NY Slip Op 02248


Decided on April 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 13, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, JJ. 


Docket No. F-8291-06/12B F-8291-06/17D Appeal No. 13575-13575A Case No. 2020-01295 2020-01890 

[*1]In the Matter of Anthony L., Petitioner-Appellant,
v
Bernadette R., Respondent-Respondent,
In the Matter of Bernadette R., Petitioner-Respondent,
v
Anthony L., Respondent-Appellant.


Law Offices of Lauren N. Mallin, New York (Lauren N. Mallin of counsel), for appellant.
Blank Rome LLP, New York (Brett S. Ward of counsel), for respondent.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about January 30, 2020, which, to the extent appealed from as limited by the briefs, upheld the report of the Support Magistrate, dated July 25, 2019, finding that respondent/ petitioner mother substantiated her reasonable childcare expenses, and declining to credit petitioner/respondent father for asserted overpayments for the child's health insurance premiums predating the filing of his petition for a downward modification, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about January 2, 2020, unanimously dismissed, without costs, as subsumed in the appeal from the order entered on or about January 30, 2020.
Great deference should be given to the findings of the Support Magistrate, who was in the best position to assess the evidence presented and the credibility of the witnesses (see Matter of Minerva R. v Jorge L.A., 59 AD3d 243 [1st Dept 2009]). Here, the Support Magistrate found the mother's testimony about her job search, freelance work, and attempts to obtain vocational training, while parenting a special needs child, to be credible (see Family Ct Act § 413[1][c][4], [6]). Her award of reasonable childcare costs, reflecting the time available to her to seek employment and training while the child was in school is supported by the record, and there is no reason to disturb it.
Contrary to the father's contention, the law of the case doctrine generally does not apply to evidentiary rulings on retrial (People v Evans, 94 NY2d 499, 504 [2000]). It was a provident exercise of discretion for the Support Magistrate to assess the documentary evidence provided by the mother in light of the mother's credible testimony about payments to the childcare workers, as well as that of a corroborating neighbor (see Matter of Schiero v Perrotta, 140 AD3d 970, 971 [2d Dept 2016]).
The father contends that he should be awarded credit for overpayments of his portion of the child's health insurance, retroactive to the time at which the mother's cost to insure the child purportedly dropped, rather than to the date he filed his petition for a downward modification. However, modification of a child support order is effective only
to the date of the filing of the modification petition, in this case, January 9, 2012 (see Family Ct Act § 449; Sonmez v Sonmez, 121 AD2d 883 [1st Dept 1986]).
We have considered the father's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2021