Matter of Parente v Parente (2021 NY Slip Op 02299)





Matter of Parente v Parente


2021 NY Slip Op 02299


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-04897
 (Docket No. F-6859-16/19B)

[*1]In the Matter of Tina Parente, respondent,
v
Richard Parente, appellant.


England & England, P.C., Centereach, NY (Donna England of counsel), for appellant.
Law Office of Dawn L. Hargraves, PLLC, Bay Shore, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated May 11, 2020. The order, insofar as appealed from, denied the father's objection to so much of an order of the same court (Darlene Jorif-Mangane, S.M.) dated January 24, 2020, as, after a hearing, directed the father to reimburse the mother the sum of $78,951.15 for his pro rata share of college expenses for two of the parties' children.
ORDERED that the order dated May 11, 2020, is reversed insofar as appealed from, on the law, without costs or disbursements, the father's objection to so much of the order dated January 24, 2020, as directed the father to reimburse the mother the sum of $78,951.15 for his pro rata share of college expenses is granted, so much of the order dated January 24, 2020, as directed the father to reimburse the mother the sum of $78,951.15 for his pro rata share of college expenses is vacated, and the matter is remitted to the Family Court, Suffolk County, for a new determination of the total amount of college expenses owed by the father taking into account a credit for child support payments he made.
The parties, who were married and have three daughters together, obtained a divorce in December 2010. Prior to the divorce, the parties executed a stipulation of settlement, which was incorporated but not merged into the judgment of divorce. The stipulation provided, in relevant part, that both parties would contribute to the college expenses of each of their children until the child reached the age of 22 years old. The stipulation further provided that if a child attended an "away" college, then the father would have the right to seek a reduction of his child support payments for that child during the time the child was at school.
In March 2019, the mother commenced this proceeding, seeking, inter alia, reimbursement from the father for college expenses she had paid for two of their daughters between 2011 and 2019. The mother asserted that she had paid the entirety of the daughters' college expenses and that, although she had repeatedly asked for contribution from the father, he refused to pay any portion of the expenses. After a hearing, the Support Magistrate found that the mother had paid the sum of $53,853.85 in college expenses for the parties' oldest daughter up to the time that she reached the age of 22, and that the father's pro rata share was $38,250.43, based on the parties' respective [*2]incomes at the relevant times. The Support Magistrate also found that the mother had paid the sum of $72,037 in college expenses for the parties' youngest daughter up to the time that she reached the age of 22, and that the father's pro rata share was $40,340.72, based on the parties' respective incomes at the relevant times. In an order dated January 24, 2020, the Support Magistrate, inter alia, directed the father to pay the mother the sum of $78,591.15 as reimbursement for the subject daughters' college expenses.
The father filed objections to the Support Magistrate's order on the grounds, among others, that the mother had failed to prove that she had paid the subject college expenses, and that the Support Magistrate failed to award him a credit against his share of college room and board expenses for child support payments he made during the same time. In an order dated May 11, 2020, the Family Court, inter alia, denied the father's objection to the determination of college expenses he owed. The father appeals.
"[A] party seeking reimbursement must show that he or she actually paid the sums for which reimbursement is sought" (Matter of Barletta v Faden, 178 AD3d 918, 919; see Matter of McNair v Fenyn, 100 AD3d 903, 903). Here, the father does not dispute the accuracy of the amount of the college expenses, that the mother submitted proof of payment of those expenses, or the Support Magistrate's determination as to his pro rata share of those expenses. Rather, he contends that the mother was obligated to demonstrate how she obtained the funds to pay the expenses, and that she actually paid the bill of the credit card she used to cover certain of the expenses. These contentions are without merit, and the proof of payments submitted was sufficient (see Matter of Schiero v Perrotta, 140 AD3d 970, 971; Diaz v Diaz, 129 AD3d 658, 660; Matter of Uriarte v Ippolito, 54 AD3d 379).
However, the Support Magistrate erred in failing to award the father a credit against his pro rata share of the room and board expenses for the amount he had paid in child support for the same child at the relevant time. Pursuant to the terms of the parties' stipulation, the father was entitled to seek a reduction in his child support payments for times when he was contributing to room and board at an "away" school. Thus, in calculating the amount the father owed the mother for room and board expenses, he should have received a credit for child support payments he made for the child covering the same period of time (see Sawin v Sawin, 128 AD3d 663, 665; Ayers v Ayers, 92 AD3d 623, 625). Accordingly, the Family Court should have granted the father's objection on this ground, and we remit the matter to the Family Court, Suffolk County, for a new determination of the total amount of college expenses owed by the father taking into account a credit for child support payments he made (see Matter of Barletta v Faden, 178 AD3d at 920; Lerner v Lerner, 168 AD3d 736, 739).
The father's remaining contentions are without merit.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court