Gould v Kontogiorge (2023 NY Slip Op 02824)

Gould v Kontogiorge

2023 NY Slip Op 02824

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Manzanet-Daniels, J.P., Singh, Moulton, Shulman, Higgitt, JJ. 

Index No. 305106/18 Appeal No. 328-329-330 Case No. 2022-01846 2022-01768 2022-04687 

[*1]Christopher Gould, Plaintiff-Respondent,
v
Georgia Kontogiorge, Defendant-Appellant. 

Law Office of Deana Balahtsis, New York (Deana Balahtsis of counsel), for appellant.
Newman Law Group P.C., New York (Louis I. Newman of counsel), for respondent.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about February 18, 2022, which directed defendant mother to reimburse plaintiff father, by April 1, 2022, $1,900 for payments made to visitation supervisors through September 30, 2021, and, upon final resolution of this matter, to pay $4,687.90 for his and the child's travel costs to New York from Cyprus (February 18, 2022 order), unanimously modified, on the facts, to the extent of vacating that part of the order requiring the mother to reimburse the father $1,900 for payments made to visitation supervisors through September 30, 2021, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about April 18, 2022, which, to the extent appealed from as limited by the briefs, denied defendant mother's CPLR 5015(a)(4) motion to vacate an order of Family Court, New York County, entered on or about May 7, 2018, granting the father sole custody of the subject child (custody order) on the mother's default, limited the evidence of domestic violence the mother may seek to introduce at the forthcoming custody trial to evidence of any incidents that have occurred since the conclusion of the parties' Hague Convention proceedings in Cyprus, and denied the mother's motion for an order of protection (April 21, 2022 order), unanimously modified, on the law, to the extent of vacating that part of the order limiting the proof of domestic violence the mother may seek to introduce at the custody trial to post-Hague Convention proceeding incidents, and otherwise affirmed, without costs. Order, same court and Justice, entered August 15, 2022, which granted the father's cross-motion to produce, to the extent not previously provided, unredacted documentary evidence as to the mother's immigration status, an unredacted copy of the January 18, 2022 letter from the Permanent Mission of the Republic of Cyprus to the United Nations with regard to payments made on her behalf, and documentation with regard to all donations she received from the Cypriot community and all payments made on her behalf to her present and prior counsel, to Attorney for the child (AFC), to forensic evaluator Dr. Adam Bloom, to any expert or professional witnesses retained on her behalf, and payments made on her behalf to any other third person or entity (August 15, 2022 order), unanimously affirmed, without costs.
The motion court should not have awarded the father reimbursement for $1900 he allegedly paid to visitation supervisors, as he offered no proof of payment beyond unsupported assertions in his motion papers. His motion was unaccompanied by any documentation, or by affidavits from the visitation supervisors, substantiating the payments (Matter of Parente v Parente, 193 AD3d 862 [2d Dept 2021]). In turn, we vacate the finding of civil contempt (to the extent not already purged) and resultant $6,437.50 counsel fee award imposed against the mother for failing to timely reimburse the father for [*2]this expense as set forth in the motion court's orders of September 20 and 27, 2022.
We otherwise affirm the February 18, 2022 order, as the father did produce adequate proof of the costs of the child's return to the U.S. from Cyprus. He submitted documentation of credit card charges for payments made to American Airlines in March 2021, on a Visa held by nonparties, and one of the nonparties is listed on the father's Net Worth Statement as an individual who has extended him personal loans. The mother's conclusory challenges to this documentation are unavailing. She also argues she was able to obtain a Cyprus-U.S. flight for less money than what was paid on behalf of the father and child, but the Cyprus court order imposing responsibility for these costs upon her includes no cap, and the monetary discrepancy she identifies is not so significant as to raise concerns that the father took advantage of the order. She argues he could have only sought reimbursement by proceedings in Cyprus but cites no provision of the Cyprus court order or otherwise to support her assertion.
Supreme Court properly declined to vacate the custody order issued by Family Court. The mother's application should have been made to Family Court as per the plain language of CPLR 5015(a)(4). The mother does not adequately explain why she sought vacatur of the custody order from Supreme Court rather than Family Court, and the two courts' concurrent jurisdiction over custody matters is not enough to override the statute's plain terms (see Hrouda v Winne, 77 AD2d 62, 65 [3d Dept 1980]; cf. Matter of Bresnan v Bresnan, 117 AD2d 879, 880 [3d Dept 1986]). 
The court properly denied the mother's application for an order of protection. She shows no reason to revisit Supreme Court's determination that she failed to show good cause that further extension of previously issued temporary orders of protection or that issuance of a new order was necessary to prevent a recurrence of domestic violence. She does not state the father violated any of the prior temporary orders of protection or cite incidents that would support specific claims of fear of continued violence (Matter of Ironelys A. v Jose A., 140 AD3d 473 [1st Dept 2016]).
However, that aspect of the order that limits the proof of domestic violence that the mother may try to introduce at the forthcoming custody trial to incidents that have occurred since conclusion of the Hague Convention proceedings, is vacated. The court correctly recognized "[a] decision under the Convention is not a determination on the merits of any custody issue, but leaves custodial decisions to the courts of the country of habitual residence" (Matter of Katz v Katz, 117 AD3d 1054, 1055 [2d Dept 2014]). However, it then effectively vested the Hague Convention proceedings with preclusive effect as to claims of domestic violence, by ruling that, at the impending custody hearing, the mother could only seek to introduce evidence of domestic violence that has occurred [*3]since those proceedings' conclusion. There should have been no such temporal limitation imposed on the domestic violence evidence the mother may seek to introduce. The mother introduced affidavit testimony of domestic violence to buttress her "grave risk of harm" defense to the child's return pursuant to article 13 (b) of the Convention. However, the Cyprus court's determination that she had not met her burden as to such defense is not tantamount to a determination on the merits of her domestic violence claims for purposes of the custody determination to be made by the New York court. As the U.S. Supreme Court has recognized, "return [of a child pursuant to the Hague Convention] is merely a provisional remedy that fixes the forum for custody proceedings" (Golan v Saada, __US__, 142 S Ct 1880, 1888 [2022] [internal quotation marks omitted]).
The mother's arguments that she had no opportunity to oppose the father's July 12, 2022, cross-motion are unavailing. Although the motion court decided the cross-motion without oral argument, the mother does not explain what precluded her from submitting opposition papers. She does not dispute having been served with the cross-motion or otherwise explain her failure to submit written opposition (even while she did submit reply papers in further support of her motion). Moreover, and as reflected in the transcript of proceedings on July 22, 2022, when the father's counsel mentioned that the cross-motion had been filed and served, and the court indicated it had not yet reviewed it but would do so, the mother's counsel did not request more time to oppose it or request oral argument.
The mother's arguments concerning the confidentiality of Violence Against Women Act (VAWA)-related materials are misplaced, as the order under review does not require her to produce such materials. Although the father's cross-motion sought such materials, the court did not specifically grant such request, and instead more generally ordered the mother to produce "unredacted documentary evidence as to her immigration status." Her claims as to the irrelevance of her immigration status are also unavailing. She cites White v White (71 AD3d 473 [1st Dept 2010]), where this Court did not address the parties' immigration status. She also cites Matter of Ish-Shalom v Wittmann (19 AD3d 493 [2d Dept 2005]), yet that case only highlights the relevance of a parent's immigration status, particularly where, as here, the parent has a history of unilaterally removing the child.
Nor does the mother show she has already produced documents reflecting her immigration status. She cites an unsworn September 12, 2022, letter from her immigration counsel that states only that she is "in this country legally." The letter does not specify the basis for this statement, nor the conditions and limitations, if any, of her residence in the United States. Her references to her employment status are unsupported by record evidence. The mother's arguments concerning [*4]the confidentiality of her VAWA immigration application materials are misplaced, as the order under review does not require the mother to produce such materials.
The mother's arguments concerning the production of an unredacted version of the January 18, 2022, letter from the Republic of Cyprus concerning donations made on her behalf are unavailing. That document identifies the dates and recipients of 12 payments made on the mother's behalf by the Republic of Cyprus, yet the amount of each payment is redacted. The mother does not adequately justify the redactions and thus shows no reason to revisit the motion court's determination that she should produce the document in unredacted form. Her arguments about the disclosure of other documents concerning the donations and payments made on her behalf are also unavailing, as her premise, that imputed income is relevant only where a party is seeking to avoid child support obligations, is incorrect; instead, and as the motion court recognized, the concept is more generally relevant to financial issues in matrimonial cases (e.g. Fabrikant v Fabrikant, 62 AD3d 585 [1st Dept 2009]; Rostropovich v Guerrand-Hermes, 18 AD3d 211 [1st Dept 2005]). Her claim that the donations and payments do not constitute imputed income is premature and not properly before this Court, as the motion court has only determined that the information is relevant to her overall financial situation.
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023